UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chanese Patterson<br><br>Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**PARTIES**

1. Plaintiff, Chanese Patterson, ("Chanese"), is a natural person who resided in Cocoa, Florida, at all times relevant to this action.

2. Defendant, Midland Credit Management, Inc., ("MCM"), is a Kansas Corporation that maintained its principal place of business in San Diego, California, at all times relevant to this action.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185

(11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because MCM resides and is subject to personal jurisdiction in this judicial district on the basis of its continuous activities in this district, including but not limited to: (a) MCM conducts business in this district by seeking to collect debt from consumers who reside in this district; (b) MCM receives compensation from creditors that reside and/or conduct business in this district; (c) MCM is registered to do business with the Illinois Secretary of State; (d) MCM holds numerous Illinois Collection Agency licenses with the Illinois Department of Financial and Professional Regulation, permitting MCM to collect debt in this district; (e) MCM regularly avails itself to the laws of Illinois and the jurisdiction of courts in this district by filing lawsuits in this district seeking to collect debts from consumers; (f) MCM has been a defendant in numerous lawsuits filed in this district arising from MCM's debt collection activities in this district; and (g) MCM's business practices, which are at issue in this lawsuit, are the same practices in which MCM regularly engages with respect to consumers that reside in this district.

## STATEMENT OF FACTS

6. At all times relevant to this action, MCM collected consumer debts.

7. MCM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of MCM's revenue is debt collection.

9. MCM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, MCM contacted Chanese to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Chanese is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. Within the past twelve months, MCM began contacting Chanese on Chanese's cellular phone in connection with the collection of the debt.

14. Shortly after the calls began, Chanese communicated her desire that MCM cease calling her.

15. Despite this communication, MCM continued to call Chanese on Chanese's cellular phone.

16. On more than one occasion, Chanese communicated her desire that MCM cease calling her.

17. MCM caused Chanese emotional distress.

18. MCM attempted to collect a debt from Chanese.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 18 above as if fully set forth herein.

20. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 18 above as if fully set forth herein.

22. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT THREE

### Violations of the Florida Consumer Collection Practices Act

23. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 18 above as if fully set forth herein.

24. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

25. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

26. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

27. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Hyslip & Taylor, LLC LPA


        By: /s/ Jeffrey S. Hyslip
        One of Plaintiff's Attorneys

Date: March 13, 2015

Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
jeffrey@lifetimedebtsolutions.com

5